TOWN COUNCIL OF CROSS HILL v. OWENS.

SAME v. SPEARMAN.

1. APPEAL—TOWN ORDINANCE.—Where a defendant pleads guilty to violating a town ordinance, and appeals without complaining that sentence is beyond limits of the law, his appeal will be dismissed.

2. CRIMINAL LAW—PRACTICE.—A DEFENDANT cannot be convicted on his own testimony, although he does not object to being sworn or to testifying.

Before BENET, J., Laurens, October, 1900. Affirmed in one case; reversed in the other.

Prosecution by town council of Cross Hill against Dr. J. M. Owens and J. E. Spearman for selling intoxicating

liquors contrary to town ordinance.   From Circuit order
dismissing appeals to that Court, defendants appeal to this
Court.

*Mr. W. R. Richey,* for appellants, cites: *Town did not
have jurisdiction to try defendants:* Art. I., sec. 18, Con.
*Defendants not fully informed of alleged crime:* 24 S. C.,
224.   *Party cannot be compelled to testify against himself:*
Art. I., sec. 17; sec. 5; 6 Ency., 43.

*Messrs Solicitor Sease* and *Furgeson & Featherstone,*
contra.   No citations.

June 29, 1901.   The opinion of the Court was delivered
by

MR. JUSTICE POPE.   Each of the defendants was sepa-
rately indicted by the town council of Cross Hill, S. C., for
selling, within the limits of said town, intoxicating liquors.
The defendant, J. E. Spearman, entered a plea of guilty
when brought before the intendant of said town and charged
with such crime, but the defendant, Dr. J. M. Owens, en-
tered a plea of not guilty.   At his trial he was the only wit-
ness sworn, and he testified that, "He sells malt for medical
purposes.   Sold one glass of cider, but found that it con-
tained too much alcohol and decided not to sell any more
cider.   Sold some of DeWitt's stomach bitters.   Instructed
Reed, his clerk, not to sell more than a bottle of malt to one
man at a time for medical purposes."   Whereupon the de-
fendant, J. E. Spearman, was sentenced by the said town
council to pay a fine of $50, or in lieu thereof thirty days
imprisonment in the county jail of Laurens, S. C.   And the
defendant, Dr. J. M. Owens, was ordered to pay a fine of
$50, or be imprisoned for thirty days in the county jail of
Laurens, S. C.   From these several judgments the defend-
ants appealed to the Court of General Sessions for Laurens
County.   When the said appeals came on to be heard by his
Honor, Judge W. C. Benet, he passed a short order dismiss-
ing the appeal in each case, and remanded each of the de-

fendants to the lower court to enforce its judgment in each case.

Each of the said defendants has appealed to this Court. We need not set out the grounds of appeal, so far as J. E. Spearman is concerned, for he plead guilty, and there is no complaint as to his sentence being beyond the limits of the law. He cannot be heard to complain now.

One of the grounds of appeal presented by Dr. J. M. Owens goes to the root of the matter of his conviction, viz: that he was required to give testimony while he was on trial for a crime. Sec. 17, of art. I., of our State Constitution, provides: "* * * nor shall he be compelled in any criminal case to be a witness against himself." He was the only witness sworn. While we do not express any opinion as to the effect of his testimony, still we are bound to reverse the judgment against him on the ground that he was compelled to testify against himself. Because the defendant made no objection to his being sworn and no objection as to his testifying, does not alter his constitutional right. A man might subject himself to punishment for contempt, if he objected to testifying when forced or called upon to do so. It is not in accord with the orderly administration of justice to swear a defendant as a witness against himself in any Court; indeed, as we have seen, the Constitution forbids it. If a defendant asks to be sworn when charged with a crime, that presents a different question, he certainly may be sworn as a witness in his own behalf. But in the case at bar, the defendant was the only witness sworn for the prosecution, and it does not appear that he asked to be sworn. There must be a new trial as to Dr. J. M. Owens.

The judgment of this Court is, that the judgment of the Circuit Court as to the defendant, J. E. Spearman, be affirmed.

It is the judgment of this Court, that the judgment of the Circuit Court as to the defendant, Dr. J. M. Owens, be reversed.